People v Griffin (2021 NY Slip Op 05238)





People v Griffin


2021 NY Slip Op 05238


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


819 KA 17-00399

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DARRELL J. GRIFFIN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered December 15, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed for criminal possession of a weapon in the second degree under count one of the indictment to a determinate term of imprisonment of six years and a period of postrelease supervision of 2½ years and by reducing the sentence imposed for criminal possession of a weapon in the third degree under count two of the indictment to an indeterminate term of imprisonment of 2 to 6 years and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon (CPW) in the second degree (Penal Law § 265.03 [3]) and CPW in the third degree (§ 265.02 [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). However, we agree with defendant that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence imposed for CPW in the second degree under count one of the indictment to a determinate term of imprisonment of six years and a period of postrelease supervision of 2½ years and by reducing the sentence imposed for CPW in the third degree under count two of the indictment to an indeterminate term of imprisonment of 2 to 6 years (see CPL
470.15 [6] [b]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court